# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN ALFRED THOMAS,

        Petitioner,    :    Case No. 3:16-cv-038

  - vs -        District Judge Walter Herbert Rice
                Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
 Madison Correctional Institution,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pro se by Petitioner John Alfred Thomas under 28 U.S.C. § 2254 to obtain relief from his conviction for rape, kidnapping, and gross sexual imposition in the Franklin County Common Pleas Court. The Court *sua sponte* grants Petitioner leave to proceed *in forma pauperis*.

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Petition alleges the conviction occurred April 24, 1985 (ECF No. 1, PageID 1). The conviction was affirmed on direct appeal, *State v. Thomas*, 1986 Ohio App. LEXIS 7776 (10th Dist. Aug. 5, 1986); the Lexis database does not report any appeal to the Ohio Supreme Court.

The Petition reports a later petition for writ of mandamus in the Franklin County Court of

Appeals to compel the Franklin County Common Pleas Court to enter a judgment of acquittal under Ohio R. Crim. P. 29 (ECF No. 1, PageID 3). That petition was denied March 18, 2014, in an apparently unreported decision. On appeal, the Ohio Supreme Court affirmed denial of relief on the grounds Thomas had an adequate remedy at law by way of direct appeal of his conviction in which he could have challenged the sufficiency of the evidence for conviction. *State, ex rel Thomas v. Franklin County Court of Common Pleas,* 141 Ohio St. 3d 547 (2015).

In his instant Petition, Thomas raises the same ground for relief he pleaded in his Petition for Writ of Mandamus:

> **Ground One**: Petitioner was erroneously denied due process when the Ohio Supreme Court affirmed the appellate court.
>
> **Supporting Facts**: Criminal Rule 29(A) specifically addresses the Court on its own. It places a duty on the Court. This duty shall be performed whenever there is insufficient evidence supporting the existence of an offense. It is about the actions of the court under Criminal Rule 29(A). The medical and scientific testimony proves the Court failed in its duty in this case. Furthermore, the only available remedy to force the Franklin County Common Pleas Court to perform its legal duty imposed by Criminal Rule 29(A) is for a higher court to command the lower court to do so via a writ of mandamus. The court is solely responsible for its failure to perform its legal duty under Criminal Rule 29(A).

(Petition, ECF No. 1, PageID 5.) As relief, Thomas requests this Court "[t]o order the applicable court or courts of Ohio to finally fulfill its [sic] legal duty under Crim. R. 29(A) in this case." *Id.* at PageID 15.

Thomas is wrong as a matter of Ohio law. As the Ohio Supreme Court held, he had an available remedy in Ohio law: when he was convicted, he had the right to a direct appeal in which he could have raised the insufficiency of the evidence claim and/or the claim that the trial judge had a duty to grant a judgment of acquittal. In denying mandamus to compel the trial

judge to consider the question, the Ohio Supreme Court relied on its own precedent in *State ex rel Nickleson v. Mayberry,* 131 Ohio St. 3d 416 (2012), which held a criminal defendant had no remedy by way of mandamus for asserted trial court error which could have been raised on direct appeal.  This Court is bound to accept the Ohio Supreme Court's statement of what constitutes Ohio law.  *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).

Even if Thomas were right as a matter of Ohio law, that would not entitle him to relief in this Court.  "A mere error of state law is not a denial of due process." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009), *quoting Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982). "The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but 'the fundamental elements of fairness in a criminal trial." *Rivera*, *quoting Spencer v. Texas,* 385 U.S. 554, 563-64 (1967). See also *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995)( "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable.")

Finally, even if mandamus had been a proper way to raise Thomas' insufficiency of the evidence claim in state court, he did so far too late to come to this Court in a habeas petition after being unsuccessful in the state courts.  28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

3

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted above, Thomas' conviction became final on the forty-fifth day after his conviction was affirmed on appeal when he failed to file a further appeal to the Ohio Supreme Court; that date was September 19, 1986. Thomas did not file his habeas petition in this Court until January 29, 2016, more than twenty-nine years later. Therefore his Petition is barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice.

4

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 1, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).