# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN ALFRED THOMAS,

        Petitioner,      :    Case No. 3:16-cv-038

  - vs -                      District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
 Madison Correctional Institution,

                                   :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus case is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations (ECF No. 2) recommending dismissal of the Petition on initial review under Habeas Rule 4.  Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 5).

Petitioner's case rests entirely on his argument that the trial court judge in his case had a mandatory duty under Ohio R. Crim. P.29(A) to dismiss the case against Thomas for insufficient evidence.  That Rule requires that

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.

Thomas was convicted on April 24, 1985, almost thirty years ago.  He appealed to the Franklin

1

County Court of Appeals, but did not raise this issue. The court of appeals affirmed the conviction. *State v. Thomas*, 1986 Ohio App. LEXIS 7776 (10th Dist. Aug. 5, 1986), and Thomas did not appeal to the Ohio Supreme Court. Much later he sought a writ of mandamus to compel the Franklin County Common Pleas Court to enter a judgment of acquittal. The Ohio Supreme Court affirmed denial of the writ, finding that Thomas had an adequate remedy at law. *State, ex rel Thomas v. Franklin County Court of Common Pleas,* 141 Ohio St. 3d 547 (2015).

Thomas' habeas corpus petition disagrees with that conclusion, arguing that a writ of mandamus is the only way to compel the Franklin County Common Pleas Court to do its duty. But this Court does not have authority to issue a writ of mandamus in a habeas corpus case to compel a state trial court to do its asserted duty under the state criminal rules. Rather, in habeas corpus, this Court only has authority to examine convictions and determine if they are constitutional.

Thomas claims he was denied due process when the trial judge did not follow the state rule. Ohio law provided him with a remedy for that – direct appeal – which he did not use because he did not raise the issue. Federal law provides a remedy under these circumstances, but only if the petitioner has not failed to present the issue to the state courts in a timely fashion.

Moreover, as the initial Report pointed out, there is a one-year statute of limitations on federal habeas petition and Thomas filed here more than twenty-nine years late, a point he does not discuss in his Objections.

**Conclusion**

It is again respectfully recommended that the Petition herein be dismissed with prejudice

because (1) it is barred by Thomas' procedural default in not presenting the claim on direct appeal and (2) it is barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 8, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).